# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1595

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Jermaine Roberts, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: February 14, 2011
Filed: April 21, 2011

_____

Before SMITH, GRUENDER, and BENTON, Circuit Judges.

_____

PER CURIAM.

Jermaine Roberts pled guilty to one count of mail fraud, a violation of 18 U.S.C. § 1341, and six counts of wire fraud, violations of 18 U.S.C. § 1343, arising out of a scheme by which he and his wife fraudulently induced a victim to send them money in exchange for legal services they falsely claimed to be performing on behalf of the victim's incarcerated friend. On February 22, 2010, the district court[1] sentenced Roberts to 60 months' imprisonment on each count, to run concurrently. Roberts

_____

[1] The Honorable Robert W. Pratt, Chief Judge, United States District Court for the Southern District of Iowa.

appeals his sentence, challenging only the application of a two-level sophisticated-means enhancement to his advisory sentencing guidelines range. We affirm.

Sophisticated means under U.S.S.G. § 2B1.1(b)(9)(C) are "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense." § 2B1.1 cmt. n.8(B). The sophisticated-means enhancement is proper when the offense conduct, viewed as a whole, "was notably more intricate than that of the garden-variety [offense]." *United States v. Hance*, 501 F.3d 900, 909 (8th Cir. 2007). "Repetitive and coordinated conduct, though no one step is particularly complicated, can be a sophisticated scheme." *United States v. Finck*, 407 F.3d 908, 915 (8th Cir. 2005).

Absent a challenge to any of the factual findings underlying the sophisticated-means enhancement, "we . . . review *de novo* 'whether the district court correctly applied the guidelines when it determined those facts constituted sophisticated means.'" *Id.* at 913 (quoting *United States v. Hart*, 324 F.3d 575, 579 (8th Cir. 2003)). Roberts does not dispute the district court's findings of fact concerning the offense conduct that formed the basis for the sophisticated-means enhancement. He argues instead that the district court erred in its legal conclusion that those facts constituted sophisticated means under § 2B1.1(b)(9)(C). We disagree. Roberts and his wife contacted the victim approximately one hundred times between March 2006 and June 2008. They concocted elaborate scenarios to induce the victim to surrender more and more money. For instance, Roberts once falsely told the victim that he required money because his wife had been jailed for drunk driving. On another occasion, Roberts fabricated a story that his son had died and requested money to cover expenses. Further, Roberts lied about nonexistent filing fees, court costs, bond amounts, travel costs, and hourly billing statements. He bolstered the continuing requests for money with copious fictional court documents, including a notice of appeal, a motion for reconsideration of sentence, a transportation order, and an order and ruling. *See United States v. Edelmann*, 458 F.3d 791, 816 (8th Cir. 2006)

(holding that the defendant used sophisticated means where he "created and used numerous false documents"). Morever, a number of the fabricated documents falsely bore the caption of the court from which they purportedly originated. *See United States v. Septon*, 557 F.3d 934, 937 (8th Cir. 2009) (affirming application of the sophisticated-means enhancement where a scheme involved "submitting numerous loan applications to lenders containing forged signatures, forged notary stamps, and falsified or altered [documents]"). We therefore find no error in the district court's conclusion that this "[r]epetitive and coordinated conduct"—which succeeded in defrauding the victim of more than $103,000 over the course of the scheme—can serve as a basis for the sophisticated-means enhancement. *See Finck*, 407 F.3d at 915.

For the foregoing reasons, we affirm Roberts's sentence.

_____